# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 25, 2025

| | | |
|---|---|---|
| SCOTT BREAULT, on behalf of his minor child, A.B., | * * * | UNPUBLISHED |
| Petitioner, | * * | No. 22-1220V |
| v. | * * | Special Master Nora Beth Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Interim Attorneys' Fees and Costs. |
| Respondent. | * * | |

John Beaulieu, Siri & Glimstad, LLP, Louisville, KY, for Petitioner.
Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON INTERIM ATTORNEYS' FEES AND COSTS**[1]

On September 6, 2022, Scott Breault ("Petitioner"), on behalf of his minor child, A.B., filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program," or "the Act"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that A.B. developed an adverse ophthalmological reaction after administration of the measles, mumps, and rubella ("MMR") vaccine on September 20, 2021.  Petition at Preamble, ¶ 4 (ECF No. 1); Amended Petition at Preamble, ¶ 4 (ECF No. 25).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

On December 24, 2024, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys and paralegals who worked on his case. Petitioner's Motion for Interim Attorneys' Fees and Costs ("Pet. Mot."), dated Dec. 24, 2024 (ECF No. 60). Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $46,513.50
**Attorneys' Costs** – $10,071.87

Petitioner thus requests a total of $56,585.37. Respondent filed his response on January 7, 2025, stating that he "defers to the Special Master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." Respondent's Response to Pet. Mot. ("Resp. Response"), dated Jan. 7, 2025, at 2 (ECF No. 62). Petitioner did not file a reply.

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards **$53,604.20** in attorneys' fees and costs.

**I.      DISCUSSION**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears to have been brought in good faith and on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid and where counsel is no longer the counsel of record.

   **A.      Attorneys' Fees**

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the

2

special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing the Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

### 1. Hourly Rates

Here, Petitioner requests the following hourly rates for the attorneys and paralegals from his firm who worked on this matter:

**Andrew D. Downing – Attorney**
   2022: $415.00 or $445.00
   2023: $445.00
   2024: $485.00

**Ann Allison – Attorney**
   2022-2023: $415.00
   2024: $435.00

**Paralegals**
   2022: $135.00 or $155.00
   2023: $155.00
   2024: $175.00

The undersigned finds that Ms. Allison's 2022-2024 rates and the 2023-2024 rates for Mr. Downing and the paralegals reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work. See, e.g., Franceschi v. Sec'y of Health & Hum. Servs., No. 21-0468V, 2023 WL 4270835, at *2 (Fed. Cl. Spec. Mstr. May 30, 2023) (awarding Mr. Downing and paralegals the above rates for 2023); Martin v. Sec'y of Health & Hum. Servs., No. 22-384V, 2025 WL 996725, at *2 (Fed. Cl. Spec. Mstr. Feb. 27, 2025) (awarding Mr. Downing and paralegals the above rates for 2023-2024 and awarding Ms. Allison the above rates for 2022-2024). The undersigned will therefore award these rates in full.

However, the 2022 rates for Mr. Downing and his paralegals require adjustment. Upon changing law firms in July 2022, Mr. Downing and the paralegals increased their rates from July 2022 through the remainder of 2022, reflecting an hourly increase of $30.00 for Mr. Downing

and $20.00 for the paralegals. See Wakileh v. Sec'y of Health & Hum. Servs., No. 21-1136V, 2023 WL 9228198, at *2 (Fed. Cl. Spec. Mstr. Dec. 18, 2023).

It is the undersigned's practice, and that of other Special Masters, to award one rate for a calendar year, with adjustments to the hourly rate made only in a succeeding year. See, e.g., Franceschi, 2023 WL 4270835, at *2 (explaining "it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances"); Pryor v. Sec'y of Health & Hum. Servs., No. 18-1288V, 2022 WL 17973236, at *4 (Fed. Cl. Spec. Mstr. Dec. 28, 2022). This rate increase from these attorneys and paralegals has consistently been rejected by this Court. See, e.g., Wakileh, 2023 WL 9228198, at *2; Franceschi, 2023 WL 4270835, at *2; Cowles v. Sec'y of Health & Hum. Servs., No. 16-1164V, 2023 WL 5786448, at *2 (Fed. Cl. Spec. Mstr. July 28, 2023); Rossiter v. Sec'y of Health & Hum. Servs., No. 20-1888V, 2023 WL 3778899, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023); Switzer v. Sec'y of Health & Hum. Servs., No. 18-1418V, 2023 WL 3580593, at *2 (Fed. Cl. Spec. Mstr. May 22, 2023).

Thus, the undersigned adjusts the rates as follows: Mr. Andrew Downing will be awarded $415.00 per hour for all work performed in 2022 and the paralegals will be awarded $135.00 per hour for all work performed in 2022. These rates are consistent with what the undersigned has previously awarded for Mr. Downing and paralegals, and these rates are consistent with decisions from other special masters. See, e.g., Coons v. Sec'y of Health & Hum. Servs., No. 20-1067V, 2022 WL 2294213, at *6-7 (Fed. Cl. Spec. Mstr. May 19, 2022) (awarding these rates for Mr. Andrew Downing and the paralegals); Wakileh, 2023 WL 9228198, at *2 (reducing rates for Mr. Downing and paralegals in 2022); Franceschi, 2023 WL 4270835, at *2 (same); Pryor, 2022 WL 17973236, at *4 (same); Vizcarra v. Sec'y of Health & Hum. Servs., No. 20-488V, 2023 WL 5935744, at *7-8 (Fed. Cl. Spec. Mstr. Aug. 18, 2023) (same). This results in a reduction of $690.00.[3]

### 2. Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989). Petitioner bears the burden of documenting the fees and costs claimed.

The timesheet entries are sufficiently detailed for an assessment to be made of the entries' reasonableness. However, upon review of the submitted billing records, the undersigned finds a reduction is needed for several reasons.

---

[3] (($445.00 - $415.00) x 11.0 hours = $330.00) + (($155.00 - $135.00) x 18.0 hours = $360.00) = $690.00.

4

First, there are numerous instances of billing for noncompensable administrative tasks, including filing documents, preparing exhibits and medical records, and preparing payment and postage.[4] It is well known in the Vaccine Program that billing for some administrative tasks, even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them.").

The preparation of records and exhibits for filing has repeatedly been deemed administrative and thus noncompensable. See, e.g., Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records an administrative and noncompensable task); Phelan ex rel. A.P. v. Sec'y of Health & Hum. Servs., No. 18-1366V, 2025 WL 1453777, at *3 (Fed. Cl. Spec. Mstr. Apr. 30, 2025) (same). Filing exhibits and payment are also considered administrative tasks. See, e.g., Forman-Franco v. Sec'y of Health & Hum. Servs., No. 15-1479V, 2020 WL 7364801, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2020); Wakileh, 2023 WL 9228198, at *3.

Next, some entries have multiple tasks and constitute block billing, where noncompensable administrative tasks are included. For example, on December 23, 2024, Ms. Perez billed 1.4 hours for "Initial drafting work re Motion for Interim Fees and Expenses; to ADD for final drafting; compile interim invoice with expenses and exhibits and ensure no duplicative entries; finalize and file Motion; receive and review Court's ECF Notification; memo to file re completeness." Pet. Mot., Ex. A at 22. While Ms. Perez may bill for drafting documents, filing documents is a noncompensable task. It is impossible to determine how much time was expended to each individual task in the above entry and similar entries. Thus, the undersigned is unable to discern the time spent on compensable versus noncompensable tasks.

"It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable." Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing Bell, 18 Cl. Ct. at 760); see also Broekelschen, 102 Fed. Cl. at 729. Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is disfavored in the Program. See, e.g., Broekelschen v. Sec'y of Health & Hum. Servs., No. 07-137V, 2008 WL 5456319, at *4 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (noting blocking time is criticized in the vaccine program and the lack of more specific information will be considered in evaluating the time); Plott v. Sec'y of Health & Hum. Servs., No. 92-0633V, 1997 WL 842543, at *3 (Fed. Cl. Spec.

---

[4] See, e.g., Pet. Mot., Exhibit A ("Ex. A") at 4-5, 8, 10, 13, 20 (billing entries for "file Petition," "file Notice of Filing," "file Motion for Extension of Time," "file PAR Medical History Questionnaire," "file Statement of Completion," "Prepare medical records for filing," "Prepare Expert Report and CV for filing with the court," "Prepare medical literature for filing," "Prepare Expert Report (Rebuttal) for filing," and "Prepare payment/shipping envelope to Expert"). This is not a comprehensive list.

5

Mstr. Apr. 23, 1997) (noting time recorded in "blocks" as unhelpful in determining if attorney's time spent was reasonable); Schwenn v. Sec'y of Health & Hum. Servs., No. 15-1148V, 2018 WL 945791, at *3 (Fed. Cl. Spec. Mstr. Jan. 23, 2018) (cautioning counsel that block-billed time may not be compensated in future motions).

In addition, the billing records contain excessive billing for the receipt and review of documents.[5] For example, on August 5, 2024, Ms. Perez, a paralegal, billed 0.3 hours for "[r]eceive and review ECF Notification re: Order." Pet. Mot., Ex. A at 20. Upon review of the docket, the undersigned sees no reason to bill almost twenty minutes for review of a one page scheduling order. Other special masters have previously found paralegal billing entries from Mr. Downing's firm to be excessive, particularly for routine receipt and review of documents. In Moran, Ms. Avery (a paralegal in the present case) consistently billed 0.2 hours for the receipt and review of Court notifications, ECF filings, notice of reassignment, and more. See Moran v. Sec'y of Health & Hum. Servs., No. 16-0538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). As a result, Special Master Oler found Ms. Avery's hours to be "excessively inflated" which, along with similar issues—such as billing for administrative tasks, block billing, and duplicative entries—resulted in a 15% reduction in attorney's fees. Id.

Finally, there is a billing entry on September 9, 2024 for Benjamin Downing[6] to "Attend call with client." Pet. Mot., Ex. A at 20. The undersigned notes that Mr. Andrew Downing billed on the same day as Mr. Benjamin Downing for a "call with client." Id. This appears to be duplicative billing where Mr. Benjamin Downing sat in for a phone call with Mr. Andrew Downing, billed for such time, but offered no substantive or distinguishable contribution to the case.

The undersigned has previously found it reasonable to reduce attorneys' fees awards due to duplicative billing. See Lord v. Sec'y of Health & Hum. Servs., No. 12-255V, 2016 WL 3960445, at *4 (Fed. Cl. Spec. Mstr. June 30, 2016); Ericzon v. Sec'y of Health & Hum. Servs., No. 10-103V, 2016 WL 447770, at *5 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); Sexton v. Sec'y of Health & Hum. Servs., No. 99-453V, 2015 WL 7717209, at *3 (Fed. Cl. Spec. Mstr. Nov. 9, 2015); Sabella, 86 Fed. Cl. at 214-15 (affirming the special master's reduction of fees where multiple attorneys attended and billed the same status conference). The undersigned and other special masters have previously noted the inefficiency that results when multiple attorneys work on one case.

---

[5] See, e.g., Pet. Mot., Ex. A at 4, 10 (billing 0.4 hours for "Receive and Review Court's ECF notification re: filed Petition; receive and review Court's Notice re: ECF, Order Directing appearance and Notice of Assignment to Special Master; brief memo to file re: same" and billing 0.4 hours for "finalize and file Notice of Filing; receive and review Court's ECF notification; memo to file re: completion").

[6] Petitioner does not identify Mr. Benjamin Downing's role or qualifications in the present application for attorneys' fees; however, Mr. Benjamin Downing is described as a "legal intern" in prior decisions. See, e.g., Byrd v. Sec'y of Health and Hum. Servs., No. 20-1476V, 2023 WL 8948076, at *4 (Fed Cl. Spec. Mstr. Sept. 8, 2023).

Each of these issues—billing for noncompensable administrative tasks, block billing, excessive billed time for receipt and review of documents, and duplicative billing—have previously been raised with these attorneys and paralegals. See, e.g., Wakileh, 2023 WL 9228198, at *3 (reducing for non-compensable administrative tasks and excessive review of filings); Coons, 2022 WL 2294213, at *7 (same); Goff v. Sec'y of Health & Hum. Servs., No. 17-0259V, 2019 WL 3409976, at *3 (Fed. Cl. Spec. Mstr. Mar. 29, 2019) (finding entries contain block billing and duplicative billing); Fiske v. Sec'y of Health & Hum. Servs., No. 17-1378V, 2022 WL 2303800, at *7 (Fed. Cl. Spec. Mstr. Apr. 20, 2022) (finding block billing in Mr. Downing's firm); Hendrix v. Sec'y of Health & Hum. Servs., No. 20-868V, 2024 WL 1989031, at *8 (Fed. Cl. Spec. Mstr. Apr. 11, 2024) (finding duplicative billing).

Given the above-mentioned issues, the undersigned finds a reduction of 5% from the total fees request reasonable and appropriate. This results in a further reduction of $2,291.17.[7]

### B.   Attorneys' Costs

#### 1.   Expert Fees

Petitioner requests $9,310.00 in expert fees for work performed by Dr. Devin Mackay. Pet. Mot., Ex. A at 22-23, 37-38, 42-44, 48; Pet. Ex. 36 at 1. Petitioner submitted adequate documentation for the expert fees to be considered. Dr. Mackay billed 18.62 hours at a rate of $500.00 per hour. Pet. Mot., Ex. A at 38, 44; Pet. Ex. 36 at 1.

Dr. Mackay's hourly rate has not previously been awarded in the Program. The undersigned will award the requested rate of $500.00 per hour in this case based on the qualifications of Dr. Mackay as a well-credentialled member of his field. See Pet. Mot. at 10-11. The undersigned notes that other special masters have determined this rate appropriate for other well-qualified and specialized experts in neuro-ophthalmology and neurology. See, e.g., Colon v. Sec'y of Health & Hum. Servs., No. 20-521V, 2024 WL 5378968, at *3 (Fed. Cl. Spec. Mstr Nov. 20, 2024) (awarding $550.00 hourly rate for a neuro-ophthalmologist); Rodriguez v. Sec'y of Health & Hum. Servs., No. 19-729V, 2022 WL 16584904, at *6 (Fed. Cl. Spec. Mstr. Sept. 22, 2022) (awarding $500.00 hourly rate for a neurologist); Lewis v. Sec'y of Health & Hum. Servs., 149 Fed. Cl. 308, 317 (2020) (finding that special masters typically award $450.00 to $500.00 for neurologists). As a result, the undersigned finds this rate reasonable and will award the requested amount of $9,310.00 in full.

#### 2.   Miscellaneous Costs

Petitioner also requests $761.87 for miscellaneous costs, including the filing fee, medical records request, postage, and medical literature research charges. Pet. Mot., Ex. A at 22-36, 39-41, 45-47, 50-51. Petitioner has provided adequate documentation supporting these costs and the undersigned will award them in full.

---

[7] ($46,513.50 - $690.00) x 0.05 = $2,291.175. The undersigned rounded down.

7

## II.     CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---:|
| Requested Attorneys' Fees: | $46,513.50 |
| Reduction of Attorneys' Fees: | - ($2,981.17) |
| Awarded Attorneys' Fees: | $43,532.33 |
| | |
| Requested Attorneys' Costs: | $10,071.87 |
| Reduction of Attorneys' Costs: | - ($0.00) |
| Awarded Attorneys' Costs: | $10,071.87 |
| **Total Attorneys' Fees and Costs:** | **$53,604.20** |

**Accordingly, the undersigned awards:**

**Petitioner is awarded interim attorneys' fees and costs in the total amount of $53,604.20, to be paid through an ACH deposit to Petitioner's former counsel, Mr. Andrew D. Downing's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[8]

**IT IS SO ORDERED.**

<u>s/ Nora Beth Dorsey</u><br>
Nora Beth Dorsey<br>
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.